RABE, Respondent, v. OUTAGAMIE COUNTY, and another, Appellants.

*No. 798 (1974). Argued April 7, 1976.—Decided May 4, 1976.*
(Also reported in 241 N. W. 2d 428.)

For the appellants there was a brief by *Peter S. Nelson* and *Fulton, Menn & Nehs, Ltd.,* and oral argument by *Peter S. Nelson,* all of Appleton.

For the respondent there was a brief by *G. L. MacKenzie* and *Curtis, MacKenzie, Haase & Brown,* of Oshkosh; *Thomas J. Zoesch* and *Sigman, Shiff, Janssen & Zoesch,* of Appleton, and oral argument by *Thomas J. Zoesch.*

HANLEY, J. Two issues are presented on this appeal:

1. Was the demurrer properly overruled on the basis of compliance with the notice of injury and filing of claims statutes?

2. Was the deceased's sister a proper claimant under the applicable wrongful death statute?

*Notice and filing.*

The defendants contend that the complaint does not allege either the filing of a notice of injury within 120

days of the occurrence or the possession of actual notice without prejudice by the county. These alternative allegations are deemed necessary by them pursuant to sec. 895.43(1), Stats., which they argue is applicable to this case:

"895.43 **Tort actions against political corporations, governmental subdivisions or agencies and officers, agents or employes; notice of injury; limitation of damages and suits.** (1) No action founded on tort, *except as provided in s. 345.05*, shall be maintained against any volunteer fire company organized under ch. 213, political corporation, governmental subdivision or agency thereof nor against any officer, official, agent or employe of such corporation, subdivision or agency for acts done in their official capacity or in the course of their agency or employment unless within 120 days after the happening of the event causing the injury or damage or death complained of, written notice of the time, place and circumstances of the injury or damage signed by the party, his agent or attorney is served on such volunteer fire company, political corporation, governmental subdivision or agency and on the officer, official, agent or employe under s. 262.06. Failure to give the requisite notice shall not bar action on the claim if the fire company, corporation, subdivision or agency had actual notice of the damage or injury and the injured party shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the defendant fire company, corporation, subdivision or agency or to the defendant officer, official, agent or employe." (Emphasis supplied.)

Section 345.05, Stats., deals with damages proximately arising from the negligent operation of a motor vehicle owned and operated by certain governmental organizations including counties, which damages are occasioned by the operation of such motor vehicle in the performance of governmental business. While one interpretation of this statute might lead to the impression that it applies

solely to negligence in the actual physical movement of a vehicle on a highway, *see: Raube v. Christenson* (1955), 270 Wis. 297, 70 N. W. 2d 639, such a construction has been distinguished; *Schroeder v. Chapman* (1958), 4 Wis. 2d 285, 293, 294, 90 N. W. 2d 579; *Kanios v. Frederick* (1960), 10 Wis. 2d 358, 363, 103 N. W. 2d 114. In *Schroeder*, failure to post distant warnings that a maintenance vehicle was obstructing the road was considered intermingled with its physical operation.

If sec. 345.05, Stats., extends to loading activity of the vehicle, most of the charged negligences would fall into its claim notice provisions and not under sec. 895.43. The term "operation" is the crux of the statute. If the statutory language was "ownership, maintenance and use," there would be little difficulty in holding that the statute embraced loading activity. *See: Allstate Ins. Co. v. Truck Ins. Exchange* (1974), 63 Wis. 2d 148, 216 N. W. 2d 205 and *Kroske v. Anaconda American Brass Co.* (1975), 70 Wis. 2d 632, 638, 235 N. W. 2d 283. In *Kroske,* a statute required commercial motor carriers to obtain insurance covering damages arising out of the "use or operation" of their vehicles. The legislative intent of the regulation, as part of a scheme governing highway use, clearly did not contemplate loading activity which, arguably, may be included in vehicle "use." *Travelers Insurance Co. v. American Fidelity & Cas. Co.* (D. C. Minn. 1958), 164 Fed. Supp. 393. However, the broad additional term "use" was not even used in sec. 345.05.

Interpretations that may be put on such language when used in an insurance policy is, of course, not controlling on a statutory usage not directly pertinent to such policies. *Kroske* acknowledged that where a statute concerning motor vehicles has an established purpose that requires broad and flexible interpretation, courts have discerned the legislative purpose and included load-

ing activity. A review of the notice of injury procedures indicates that loading activity was not intended to be an "operation" under sec. 345.05, Stats.

Where employees of a county or other governmental agency commit injury through negligence, a claimant must generally either undertake a timely notice procedure of such fact or establish that the governmental unit had actual notice and was not prejudiced by the lack of the formal notice. Sec. 895.43, Stats. This procedure gives the unit an opportunity to timely investigate the occurrence and perhaps reduce specious claims. It may also help prevent similar occurrences. Thereafter, the claimant must file a notice of claim as a step in recovery. *See, e.g.*, secs. 62.25 and 59.76. When the injury arises from direct operation of a vehicle, the injured party need only file the notice of claim. Section 345.05 (3). Certainly, actual and timely notice to the government unit cannot be disputed and is unnecessary on occasions when government employees cause damages in the direct course of operation of government vehicles. We think sec. 345.05 is applicable when the injury can be traced to incidents of vehicle operation on the highway rather than any collateral use such as loading.

Parts of the complaint indicate a perverse effect of accepting the plaintiff's implicit assumption that sec. 345.05, Stats., applies to loading activity. Negligence is asserted against county employees, apparently not present at the scene of the accident, who supplied the equipment used in the loading. If the evidence should ultimately show that this was the only occasion of negligence, the purpose behind the notice of injury exception for vehicle accidents would certainly be strained. A review of negligence cases involving loading and unloading activity demonstrates that damage occurrences often result without the presence of agents who are directly operating a vehicle. Negligence involved in uses of the vehicle

other than in its operation on a highway are governed by sec. 895.43.

There was no allegation in the complaint of compliance with either alternative of sec. 895.43, Stats. The defendants contend that this deficiency renders the complaint demurrable. The mechanical necessity of pleading compliance with sec. 895.43 has already been decided adversely to the defendants in *Majerus v. Milwaukee County* (1968), 39 Wis. 2d 311, 316, 317, 159 N. W. 2d 86. There it was held that compliance with sec. 895.43 is a "condition in fact requisite to liability," but is not a condition required for stating a cause of action. Lack of compliance is to be pleaded as a defense by the governmental agency or the insurer of its employees. The demurrer here is no more effective on the issue of sec. 895.43 than it was in *Majerus*.

Defendants are correct, however, in citing the case of *Pattermann v. Whitewater* (1966), 32 Wis. 2d 350, 358, 145 N. W. 2d 705, for the proposition that there must ultimately be compliance with both the notice and claim statutes. Sections 59.76 and 59.77, Stats., the claim statutes for counties, are appropriate to this case. In *Schwartz v. Milwaukee* (1969), 43 Wis. 2d 119, 168 N. W. 2d 107, where the city claims statute, sec. 62.25, read "No action shall be maintained" without a claim being filed and disallowed, this court held that suit could be commenced without such compliance but it would be dismissed when the issue of noncompliance was raised. The rationale of *Schwartz* was that a claimant may institute a suit before compliance with sec. 62.25 is complete, and this noncompliance is no grounds for dismissal if conformance is achieved before the question of compliance is raised.

*Schwartz*, however, clearly distinguished this procedure from the mechanics of conformance with sec. 59.76, Stats. The county claims statute reads "No action *shall*

*be brought* or maintained" without a claim being filed and disallowed. In *Maynard v. De Vries* (1937), 224 Wis. 224, 227, 272 N. W. 27, the failure to comply with sec. 59.76 before commencement of the action was fatal notwithstanding compliance attempts afterwards. *Schwartz* acknowledged that if the language of a statute, such as in *Maynard,* deals with commencement of an action, then the failure to comply with its provisions before the suit is brought requires that the complaint be dismissed. *Schwartz, supra,* at 126, 127.

Plaintiff acknowledges the *Schwartz Case* but apparently overlooked the clear distinction it maintained between the different claim statutes for cities and counties. This is so because plaintiff implicitly acknowledges that compliance was not had with sec. 59.76, Stats. The complaint alleges that a claim was filed and that more than thirty days have passed without action on ᵗhe part of the county. It appears that the complaint was served more than forty days after such filing. The pertinent portions of the statute are:

"59.76 **Claims against counties; actions on; disallowance.** (1) *No action shall be brought or maintained against a county* upon any account, demand or cause of action when the only relief demandable is a judgment for money, except upon a county order, *unless the county board shall consent* and agree to the institution of such action, *or unless such claim shall have been duly presented to such board and they shall have failed to act upon the same within the time fixed by law.* No action shall be brought upon any county order until the expiration of thirty days after a demand for the payment thereof has been made; and if an action is brought without such demand and the defendant fails to appear and no proof of such demand is made, the court or the clerk thereof shall not permit judgment to be entered, and if judgment is entered it shall be absolutely void.

"(2) The decision of the county board disallowing in whole or in part any claim of any person shall be final and

a bar to any action founded thereon, except as provided in subsection (1), unless an action be brought to recover against the county within six months after such disallowance. *Failure to allow a claim before the adjournment of the next annual session of the board after the claim is filed shall be deemed a disallowance."* (Emphasis supplied.)

Plaintiff contends that the statute is imprecise on when "the time fixed by law" has run so that a suit may be commenced. Reference is made to the thirty-day limit on county orders. A county order is an order of the board approving a claim, sec. 59.81, Stats., and the thirty-day limit refers to actions following a failure or refusal of the county clerk to honor such order. Reference is also made to the ninety-day time period imposed by sec. 345.05 (4). When a motor vehicle accident is involved, the claimant must file under the particular claim procedure appropriate to the responsible governmental agency, but the uniform waiting period for claims on vehicle operations overrides the time period normally used under each procedure. As indicated previously, sec. 345.05 is not applicable in this case.

Paragraph two of sec. 59.76, Stats., clearly states that the claimant must wait until his claim is either disallowed or until the annual meeting is adjourned without action on his claim. This meeting is held in November (or October by board rule) of each year. Section 59.04. A statutory instruction to the board on these claims again reiterates that the board need not pass on them until the annual meeting. Section 59.79. Finally, the legislative history again indicates that an unanswered claimant must wait until the adjournment of the current session before bringing suit. The forerunner statute provided that suit could be commenced if the board did not act within a reasonable time. In *Hyde v. Supervisors of Kenosha County* (1877), 43 Wis. 129, the court found

unreasonable the decision of the county board to delay consideration of the claim until the annual meeting. The legislature eventually revised the statute, providing that the board should act on such claims by the annual meeting, and further provided that their failure at that time constituted a disallowance. Laws of 1917, ch. 553. The "reasonable time" standard was eliminated. In this case, it quite clearly appears that the plaintiff did not wait until the board had failed to act "within the time fixed by law."

In lieu of strict conformance with the statute, plaintiff asks this court to recognize that her "substantial compliance" satisfies the statute. The cited case of *Novak v. Delavan* (1966), 31 Wis. 2d 200, 143 N. W. 2d 6, and the other cases summarized therein all deal with substantial compliance in the form of the filed claim or notice. They do not excuse the failure to satisfy the statutory requirements of the *act of filing* or the *requirement of waiting* until an action may be commenced. The county may not waive this statutory noncompliance, *Maynard, supra,* at p. 228, and neither may this court. Although the variances between the notice and claims statutes applicable to different governmental bodies cause a procedural maze unique to each type of governmental agency, the legislature cannot be faulted for its presumed intent to create a procedure necessary for the particular agency. Disagreements over the procedure involved should be brought to the legislature, not to this court for judicial "modification" by exceptions to the enacted statutes.

The complaint must therefore be dismissed as to the county in the action brought by the plaintiff in her capacity as personal representative. Since the complaint alleges that the liability policy of the insurer extends to the county employees, dismissal of the county does not also discharge the insurer who bears their liability under

our direct action procedures. Unlike the notice of the injury statute, the claims statute applies only to the governmental agency and not to its employees.

*Wrongful death.*

The issue presented here was specifically decided in the recent case of *Harris v. Kelley* (1975), 70 Wis. 2d 242, 234 N. W. 2d 628. Plaintiff is the sister of the deceased and under prior statutory versions of the wrongful death act would have been allowed to bring the action. *Pries v. Ashland L., P. & St. R. Co.* (1910), 143 Wis. 606, 128 N. W. 281. The statutory revision discussed in *Harris* and in effect at the time of the accident stated that recovery under the statute was limited to the spouse, unemancipated or dependent children or parents of the deceased. Section 895.04 (4), Stats. 1973, effective on July 2, 1971, by ch. 59, Laws of 1971. Despite contentions of a contrary legislative intent, this court gave effect to the clear language of the statute. Subsequently, a legislative enactment was successfully tendered to broaden the right to pecuniary recovery while restricting recovery for loss of society and companionship to the class listed above. Attempts to make this enactment retroactive failed. Laws of 1975, ch. 166. The trial court was incorrect in overruling the demurrer to the plaintiff's wrongful death recovery.

*By the Court.*—The order overruling the demurrer on the wrongful death action as to both defendants and the order overruling the demurrer to the estate's cause of action against the county is reversed. The order overruling the demurrer as to the estate's cause of action against the insurer is affirmed and the cause remanded.