SHANNON, Plaintiff-Appellant, v. CITY OF MILWAUKEE, Defendant-Respondent: CONTINENTAL CASUALTY COMPANY, Defendant-Respondent-Petitioner: BURRELL, Defendant.

Supreme Court

*No. 77–315. Argued February 6, 1980.—Decided March 4, 1980.*

(Also reported in 289 N.W.2d 564.)

For the respondent-petitioner there were briefs by *Roger L. Wiedeback* and *Prosser, Wiedabach & Quale, S.C.*, of Milwaukee, and oral argument by *Roger L. Wiedeback.*

For the plaintiff-appellant there was a brief by *Michael J. Pfau, Daniel R. Doucette* and *Kluwin, Dunphy, Hankin & McNulty* of Milwaukee, and oral argument by *Mr. Doucette.*

BEILFUSS, C.J.  This action arises out of a traffic accident which occurred at the intersection of North Sixth Street and West Garfield Avenue in the City of Milwaukee on February 10, 1974. Plaintiff Joyce A. Shannon was injured when the automobile in which she was a passenger collided with a Milwaukee Fire Department vehicle being operated by Russell K. Ewert, an employee of the fire department.

On or about May 25, 1974, plaintiff's attorney served a notice of claim on the City of Milwaukee. The city tendered its defense to its insurer, Continental. In the ensuing twenty months Continental sent plaintiff's attorney two letters requesting special damage and medical information and volunteering to discuss settlement. On one occasion within that period plaintiff's attorney trans-

mitted the requested material but no settlement was ever arrived at.

The plaintiff commenced her action against the City of Milwaukee, Continental and Roy C. Burrell, the driver of the car in which she was riding, by summons and complaint filed February 3, 1977. The complaint alleged negligence on the part of Ewert and Burrell in operating their respective vehicles.

It further alleged that at the time of the accident Ewert was employed by the City of Milwaukee Fire Department, and that Continental was the insurer of the City of Milwaukee and its agents, servants and employees operating city owned vehicles with its permission and consent. Plaintiff demanded judgment against Milwaukee and Continental for damages in the amount of $75,000 for the injuries sustained by her.

Continental and Milwaukee answered denying that Ewert was negligent in his operation of the fire department vehicle and alleging as an affirmative defense that plaintiff's action was barred by the limitation set out in sec. 345.05 (4), Stats.,[1] on claims against municipalities by persons suffering damage caused by the negligent operation of municipal vehicles.

Plaintiff moved to strike the affirmative defense and Milwaukee and Continental moved alternatively for judgment on the pleadings or summary judgment. Judgment was granted by the trial court and plaintiff appealed.[2]

[1] Sec. 345.05 (4), Stats. 1975, provides:

"(4) Failure of the governing body to pass upon the claim within 90 days after presentation constitutes a disallowance. Disallowance by the governing body bars any action founded on the claim unless brought within 6 months after disallowance. Actions against the state and payment of the amount recovered shall be as provided in ss. 285.01 and 285.04. For the purposes of this section, judgments against municipalities shall be certified, filed and collected as provided in s. 66.09 whether named therein or not."

[2] Plaintiff's present counsel were not retained until this point in the proceedings. They did not represent plaintiff at the trial court level.

The court of appeals affirmed the trial court's judgment with respect to the City of Milwaukee, holding that plaintiff's failure to commence her action within the time allowed under sec. 345.05 (4), Stats., barred any claim she might have had against the city. It reversed the judgment of the trial court, however, as to Continental. Relying upon this court's decision in *Rabe v. Outagamie County*, 72 Wis.2d 492, 241 N.W.2d 428 (1976), the court of appeals held that plaintiff's failure to bring her action within the time period required under sec. 345.05 (4) was not a bar to her action against Ewert and because Continental was alleged to have insured not only the city, but also its employees while operating city vehicles, plaintiff's direct action against Continental based upon Ewert's negligence could still be maintained.

*Rabe v. Outagamie County, supra*, like this case, involved an action against a local governmental agency and its vehicle insurer. There too the plaintiff's action against the governmental agency was held barred by her failure to comply with the applicable claims statute. Despite the fact that plaintiff could no longer bring her action against the county, this court held that she could still proceed against the county's insurer for the alleged negligence of its employees.

". . . Since the complaint alleges that the liability policy of the insurer extends to the county employees, dismissal of the county does not also discharge the insurer who bears their liability under our direct action procedures. Unlike the notice of the injury statute, the claims statute applies only to the governmental agency and not to its employees." *Id.* 72 Wis.2d at 501–02.

The court of appeals concluded that the same result followed here.

On review Continental seeks to distinguish *Rabe* by pointing out that it was decided under sec. 59.76, Stats.,[3]

---

[3] "59.76 Claims against counties; actions on; disallowance. . (1) No action shall be brought or maintained against a county upon

a statute not applicable in this case. The language of sec. 345.05(4), it contends, is wholly different from that of sec. 59.76 and clearly indicates the legislature's intent to provide protection to the employee as well as the municipality.

Sec. 345.05, Stats., sets out the manner in which persons who suffer damage as a result of the negligent operation of motor vehicles owned and operated by the state or a municipality may file claims against such governmental entities. Where the claim is against the city, sec. 345.05(3)(c) states that it shall be filed with the city clerk as provided in sec. 62.25.[4] Sub. (4) of sec. 345.05 provides that the failure of a governing body to pass upon a claim filed under that section within 90 days after presentation constitutes a disallowance and that disallowance "bars any action founded on the claim" unless brought within six months thereafter.

---

any account, demand or cause of action when the only relief demandable is a judgment for money, except upon a county order, unless the county board shall consent and agree to the institution of such action, or unless such claim shall have been duly presented to such board and they shall have failed to act upon the same within the time fixed by law. No action shall be brought upon any county order until the expiration of thirty days after a demand for the payment thereof has been made; and if an action is brought without such demand and the defendant fails to appear and no proof of such demand is made, the court or the clerk thereof shall not permit judgment to be entered, and if judgment is entered it shall be absolutely void.

"(2) The decision of the county board disallowing in whole or in part any claim of any person shall be final and a bar to any action founded thereon, except as provided in subsection (1), unless an action be brought to recover against the county within six months after such disallowance. Failure to allow a claim before the adjournment of the next annual session of the board after the claim is filed shall be deemed a disallowance."

[4] We note that since the commencement of the action the procedure for filing claims against a municipality under sec. 345.05, Stats., has been revised. A claim under that section must now be filed as provided in sec. 895.43. *See* sec. 345.05(3)(b), Stats. 1977.

Continental contends that the words "bars any action" must be construed as barring plaintiff's action against Ewert as well as that against the city. It points out that the language of sec. 59.76(1), Stats., upon which the court relied in *Rabe,* is—"No action shall be brought or maintained against a county. . . ." Because the statutory bar of sec. 345.05(4) is not expressly limited to actions against the governmental agency as is sec. 59.76(1), it argues, the *Rabe Case* does not apply.

A careful and complete reading of sec. 59.76, Stats., however, reveals that this distinction is not sound. Sec. 345.05(4) corresponds not to sec. 59.76(1), but to sub. (2) of that section. Sec. 59.76(2), like sec. 345.05(4), provides in part that disallowance of a claim shall be a bar "to any action founded thereon" unless brought against the county within six months after disallowance, or unless the county board consents or agrees to the institution of such action. Despite this language, we held in *Rabe* that this statute "applies only to the governmental agency and not to its employees." 72 Wis.2d at 502. The same conclusion follows here.

Sec. 345.05, Stats., by its plain language, refers only to the liability of state or municipal owner of the vehicle, not that of the employee driver. The two are by no means the same.

In this case the liability of Ewert, if any, is based upon his own failure to use a reasonable degree of care under the circumstances in the operation of the fire department vehicle. It is basic to the Anglo-American law of torts that, absent a valid defense, one is liable for the harm proximately caused by his own negligent conduct. Prosser, *Law of Torts* (4th ed., hornbook series), p. 6. Thus, if plaintiff's injuries were caused by Ewert's failure to use reasonable care under the circumstances, he is personally liable to her for those injuries.

The liability which plaintiff sought to impose on the City of Milwaukee, on the other hand, was based on the fact that Ewert was an employee of the city at the time of the accident. Under the doctrine of *respondeat superior* an employer can be held vicariously liable for the negligent acts of his employees while they are acting within the scope of their employment. The additional liability of the employer, however, does not shield the negligent employee from his own personal liability, nor does it supplant his liability with that of his employer.[5] It provides only an alternative, and in some cases a more lucrative, source from which the injured party may recover his damages.

Because the imposition of vicarious liability upon the employer does not absolve the negligent employee of his personal liability, it follows that a statutory bar to the action against the employer need not inure to the benefit of the employee. In this case, we conclude that it does not.

Sec. 345.05 (4), Stats., provides that disallowance *"bars any action founded on the claim* unless brought within 6 months after disallowance." (Emphasis supplied.) In emphasizing the words "bars any action," Continental has ignored the language "founded on the claim." We believe the phrase "founded on the claim" was intended to modify the word "action" and indicates the kind of action that is to be barred unless commenced within six months of disallowance. Thus, it is not any action which is barred under sec. 345.05 (4), but only "any action founded on the claim."

In this case plaintiff's direct action against Continental as insurer for Ewert is separate and apart from the

---

[5] *Candee v. Egan*, 84 Wis.2d 348, 368–69, 267 N.W.2d 890 (1978); *Oxman's Erwin Meat Co. v. Blacketer*, 86 Wis.2d 683, 692, 273 N.W.2d 285 (1979).

claim disallowed by the city. It is founded not upon her claim against the city, but rather, like that claim itself, upon Ewert's allegedly negligent operation of the city-owned vehicle. Only the action against the city itself could in any sense be said to be "founded upon the claim." Because the direct action against the insurer based upon Ewert's alleged negligence is not founded upon the claim against the city, it follows that it is not barred under sec. 345.05 (4), Stats.

This reading of sec. 345.05, Stats., as applying only to the liability of the governmental agency, is also supported by the legislative history and this court's prior statements regarding that provision. Enacted in 1929 as sec. 66.095, it originally read as follows:

"66.095 **Auto accidents, city liability.** Any person, firm or corporation suffering any damage proximately resulting from the negligent operation of a motor vehicle owned and operated by any city, and which damage is occasioned by the operation of such motor vehicle in the performance of municipal business, may in the manner and form and within the time provided in section 62.25, file a claim therefor against such city and the common council of such city shall have the right to allow, compromise, settle and pay the same. In the event such claim is disallowed, the claimant may then institute an action therefor against such city pursuant to the provisions of section 62.25. [1929 c. 77]"

Construing this statute shortly after its enactment in *Schumacher v. Milwaukee,* 209 Wis. 43, 46, 243 N.W. 756 (1932), the court stated:

". . . the clear legislative intent and purpose was to create a liability on the part of the city in favor of those who were injured by the negligent operation of vehicles owned and operated by the city in the discharge of a governmental function as well as in its proprietary capacity."

In creating this new liability on the part of the city, the legislature did nothing to change or limit the liability which had always rested with the municipal employee for his own negligent conduct. It merely provided an exception to the doctrine of governmental immunity which until the enactment of sec. 66.095, Stats., had prevented persons damaged as a result of the negligent operation of municipal vehicles from recovering from the municipal owner. *Huettner v. Eau Claire,* 243 Wis. 80, 84, 9 N.W.2d 583 (1943).

Although sec. 66.095, Stats., was subsequently repealed and re-enacted by ch. 260 of the Laws of 1957 in substantially its present form, the comment of the Judicial Council Committee indicates that the new statute was considered to be simply a restatement of the original. The committee also cited several cases decided under the old statute, including *Schumacher v. Milwaukee, supra,* which it said would remain pertinent under the new section because of identical language. It is highly unlikely that the legislature intended to broaden the applicability of this section to include state and municipal employees, as well as the state and municipalities themselves, in what was thought of as essentially a restatement of prior law. Were such a change intended, the legislature would have clearly so stated.

Continental strongly contends that for us to read sec. 345.05(4), Stats., as barring only the action against the city while leaving the plaintiff free to proceed against the employee of the city renders that section meaningless and of no effect. Under sec. 895.46,[6] it maintains the city

---

[6] Sec. 895.46(1), Stats., reads in pertinent part:

"895.46 **State and political subdivisions thereof to pay judgments taken against officers.** (1) Where the defendant in any action or special proceeding is a public officer or employe and is proceeded against in an official capacity or is proceeded against as an individual because of acts committed while carrying out

is required to indemnify its employees for any judgment entered against them in an action arising out of the performance of their duties. As a result, unless the entire action against both the city and its employee is deemed barred by sec. 345.05 (4), plaintiff may be able to recover against the city indirectly, as the indemnitor of its employees, even though she is barred from proceeding against it directly. Such a result, Continental argues, would reduce the limitation on actions against the city contained in sec. 345.05 (4) to a mere fiction, and should therefore be avoided.

We agree that, under our reading of sec. 345.05 (4), Stats., the efficacy of that section's limitation on actions against the state or a municipality is significantly reduced. However, we reject the contention that it is our construction of that section which produces this result. It is instead the legislature's decision that public employees should be indemnified by their government employer, even where the employer itself is protected from direct liability, which dictates this result. As this court stated in *Cords v. Ehly*, 62 Wis.2d 31, 37, 214 N.W.2d 432 (1974):

". . . it is clear that in enacting sec. 270.58, Stats., [now sec. 895.46] the legislature contemplated that state employees were subject to suit in tort under the law of Wisconsin and wished gratuitously to shield them from monetary loss in such suits."

Continental now contends that we should construe the time limitation of sec. 345.05 (4), Stats., as a bar to an action against a state or municipal employee, as well as

---

duties as an officer or employe and the jury or the court finds that such defendant was acting within the scope of employment the judgment as to damages and costs entered against the officer or employe in excess of any insurance applicable to such officer or employe shall be paid by the state or political subdivision. . . ."

the action against the state or municipality itself, so as to protect those governmental bodies from the indirect liability which the legislature has clearly placed upon them. We decline to do so. Sec. 345.05 by its clear language applies only to claims made directly against the state or municipality for damages caused by the negligent operation of their vehicles. The fact that state and municipal employees are indemnified by their employers does not entitle them to their employer's defense under sec. 345.05(4).[7]

Lastly, Continental argues that the action against it must be dismissed because the City of Milwaukee is a necessary party to the action and, since it has been dismissed, so must the action itself. As support for this argument Continental cites *Larson v. Lester*, 259 Wis. 440, 49 N.W.2d 414 (1951), wherein it was held that a village was a necessary party to an action against the village marshal for assault because the village was required by law to indemnify its marshal for any judgment entered against him if he was found to be acting in his official capacity and in good faith. Similarly in the instant case, argues Continental, because the city is required by law to indemnify its employee for any judgment entered against him as a result of acts done within the scope of his employment, it must be considered a necessary party to the action.

While we have serious misgivings about the present authority of the *Larson Case* in view of the more recent changes made in the statutes governing joinder of parties, we find it unnecessary to decide that question now. For in this case, regardless of the authority of *Larson*, the City of Milwaukee is clearly not a necessary party for the simple reason that Ewert, its potential indemnitee, is not even named as a defendant. Plaintiff is proceeding solely against Continental under our direct action

[7] *See Cords v. Ehly, supra*, 62 Wis.2d at 36, 37.

statutory procedures and therefore may recover, if at all, only against the insurer to the extent of its liability under its policy. Because Ewert is not even named in the action, plaintiff cannot obtain a judgment against him and the city cannot be liable as his indemnitor. It therefore has no interest in the action.

*By the Court.*—Judgment affirmed.