Kelly P. Tierney, Plaintiff,

v.

Lawrence J. Lacenski, and American Family Mutual Insurance Company, a Wisconsin insurance corporation, Defendants-Respondents,

Wisconsin Department of Transportation, a department of the State of Wisconsin, Defendant,

Edward R. Bollenbeck, Attorney at Law, and St. Paul Fire & Marine Insurance Company, a Minnesota insurance corporation, Defendants-Appellants,

Edward R. Bollenbeck, Attorney at Law, Defendant and Third-Party Plaintiff,

Angus R. McIntyre, Bachman, Cummings, & McIntyre, S.C., and XYZ Insurance Company, Third-Party Defendants.

Court of Appeals

*No. 82–853. Submitted on briefs November 8, 1982.—
Decided July 19, 1983.*
(Also reported in 338 N.W.2d 320.)

For the appellants the cause was submitted on the briefs of *James R. Gutglass* and *Law Offices of Richard J. Palmersheim* of Milwaukee.

For the co-appellant Kelly P. Tierney the cause was submitted on the brief of *Angus R. McIntyre* and *Bachman, Cummings & McIntyre, S.C.* of Appleton.

For the respondents the cause was submitted on the brief of *Joseph J. Beisenstein* and *Menn, Nelson, Sharratt, Teetaert & Beisenstein, Ltd.,* of Appleton.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J.[1]  Kelly Tierney's former attorney, Edward Bollenbeck, appeals from an order dismissing Tierney's

---

[1] By direction of the presiding judge, the writing of this opinion was reassigned on June 14, 1983, from Dean, J., to the author.

action against the American Family Mutual Insurance Company. The issues on appeal are (1) whether Bollenbeck has standing to appeal and (2) whether the dismissal of Tierney's action against a state employee for failure to comply with the notice requirements of sec. 893.82, Stats., (formerly sec. 895.45, Stats.,) [2] requires the dismissal of Tierney's action against the state employee's liability insurance carrier. The circuit Court concluded that such a dismissal was required. Although Bollenbeck is an aggrieved party and has standing to appeal, because the circuit court correctly concluded such a dismissal was required, we affirm.

On June 19, 1979, Lawrence Lacenski drove an automobile that collided with a motorcycle driven by Tierney.

---

[2] Section 895.45, Stats. (1977), has been renumbered § 893.82, Stats. (1979). For the purpose of this appeal, we will refer to the statute as sec. 893.82. The statute reads as follows:

Claims against state employees; notice of claim; limitation of damages. (1) No civil action or civil proceeding may be brought against any state officer, employe or agent for or on account of any act growing out of or committed in the course of the discharge of the officer's, employe's or agent's duties, unless within 120 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim for the injury, damage or death and the names of persons involved, including the name of the state officer, employe or agent involved.

(2) In this section, "claimant" means the person or entity sustaining the damage or injury or his agent, attorney or personal representative.

(3) The notice under sub. (1) shall be sworn to by the claimant and shall be served upon the attorney general at his office in the capitol by certified mail. Notice shall be considered to be given upon mailing for the purpose of computing the time of giving notice.

(4) The amount recoverable by any person or entity for any damages, injuries or death in any civil action or civil proceeding against a state officer, employe or agent shall not exceed $250,000. No punitive damages may be allowed or recoverable in any such action.

Lacenski was a Wisconisn Department of Transportation employee on state business when the accident occurred. He owned the automobile and received state reimbursement for his mileage. On February 27, 1980, Tierney commenced an action for damages because of injuries suffered from the accident against Lacenski and his insurer, American Family. On October 16, 1980, Tierney amended his complaint, adding the Department of Transportation; Bollenbeck, his previous attorney; and St. Paul Fire and Marine Insurance Co., Bollenbeck's insurance carrier, as parties. Lacenski alleges that Bollenbeck was negligent in failing to timely file the necessary notices under sec. 893.82.

The trial court dismissed Lacenski and the Department of Transportation because Tierney failed to comply with sec. 893.82. American Family subsequently moved to dismiss Tierney's action against it because its insured, Lacenski, was not legally obligated for any damages. Bollenbeck also moved to dismiss Tierney's action against him contending that Tierney still had an action against American Family with policy limits of $100,000, which Bollenbeck claims is the maximum amount Tierney could recover under sec. 893.82(4).[3]

The trial court dismissed American Family, but denied Bollenbeck's motion to dismiss. American Family's insurance agreement with Lacenski provided that "the Company shall pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages . . . ." The trial court reasoned that because Lacenski cannot become legally obligated to pay any damages arising from the accident by virtue of Tierney failing to comply with sec. 893.82, American Family has no liability under the terms of its policy.

---

[3] Former § 895.45(4), Stats., limited recovery to $100,000.

[4] Both Tierney and Bollenbeck originally appealed from the court's order to dismiss American Family. Tierney's appeal, however, was filed untimely and therefore dismissed.

The initial issue is whether Bollenbeck[4] has standing to appeal the court's dismissal of Tierney's action against American Family. A right to appeal from a judgment or order, irrespective of statute, is confined to parties aggrieved in some appreciable manner by the court action. *See Mutual Service Casualty Insurance Co. v. Koenigs,* 110 Wis. 2d 522, 526, 329 N.W.2d 157, 159 (1983); *Powers v. Powers,* 145 Wis. 671, 674, 130 N.W. 888, 889 (1911). In essence, the judgment or order appealed from must bear directly and injuriously upon the interests of the appellant; he must be adversely affected in some appreciable manner. *State ex rel. Opelt v. Crisp,* 81 Wis. 2d 106, 113, 260 N.W.2d 25, 28 (1977).

We are satisfied that Bollenbeck falls within the meaning of an aggrieved party under the circumstances of this case. Tierney complains that he was injured because of Lacenski's negligence and that Lacenski was insured at the time by his private insurance carrier, American Family. His alternative cause of action is against Bollenbeck for failing to comply with sec. 893.82. Bollenbeck contends that the court's order dismissing American Family affects his rights and obligations. We agree. Whether Tierney has a direct action against American Family would directly affect any potential recovery against Bollenbeck. Obviously, he is therefore affected in some appreciable manner by the court's action dismissing American Family.

Bollenbeck contends (1) that the trial court ignored the holding of *Shannon v. City of Milwaukee,* 94 Wis. 2d 364, 289 N.W.2d 564 (1980), that a liability insurer may be liable even though no judgment may be obtained against the insured; and (2) that the protections of sec. 893.82 are specifically limited to actions or proceedings against state officers, employees, or agents, and because the direct action against an insurer does not fall within

any of those categories, it necessarily follows that American Family should not be dismissed.

Bollenbeck relies on *Rabe v. Outagamie County*, 72 Wis. 2d 492, 241 N.W.2d 428 (1976), and *Shannon* for the proposition that a dismissal of the insured also does not discharge the insurer from liability. Reliance on *Rabe* and *Shannon* is misplaced. Those cases involved direct actions against a county's and city's insurers. The insurance policies covered the negligent acts of the county and city employees. Also, the relevant claim statutes applied only to the local government and not to its employees. In *Rabe* and *Shannon,* the injured parties had failed to comply with the claim statutes in their actions against the county and city. The insurers contended that because the county and city were therefore protected from the lawsuit, there could be no direct action against them. The supreme court concluded, however, that because the liability policies extended to county and city employees who were unprotected under the claim statutes, the claimants had a direct action against the insurers.

*Rabe* and *Shannon* therefore do not stand for the proposition that a liability insurer may be directly liable even no judgment may be obtained against the insured. In fact, in those cases, the claimants would have been prohibited from commencing a direct action against the local government's insurers had it not been for the statutorily unprotected employees who were covered by the local government's insurance carrier.

Unlike the claim statutes in *Rabe* and *Shannon,* sec. 893.82 expressly protects state employees. Here, the state employee, Lacenski, is immune from liability because of Tierney's failure to comply with sec. 893.82. Even under the direct action statute, sec. 632.24, Stats., which makes an insurer liable up to the policy limits to "the persons entitled to recover against the insured for the death of any person or for injury to the person or

property," it is clear from the statutory language that the liability to which the insurer is exposed is predicated upon the insured's liability. *Kranzush v. Badger State Mutual Casualty Co.*, 103 Wis. 2d 56, 75, 307 N.W.2d 256, 266 (1981). Under this section, the claimant has a right of action against the insurer only to the extent that he has the same right of action against the insured for his negligence. *Id.* Section 893.82 is not merely a procedural statute that may be waived by the state or its employee. Compliance with sec. 893.82 is necessary to warrant recovery against a state employee. *Mannino v. Davenport,* 99 Wis. 2d 602, 612, 299 N.W.2d 823, 828 (1981). Obviously, the claimant has no direct action against a government's insurer when the government or its employees cannot be held liable because the claimant failed to comply with the notice of injury or claim statutes. In addition, a claimant should not have a direct action against a state employee's insurer when that employee cannot be held liable because the claimant fails to comply with sec. 893.82.

We also find unpersuasive Bollenbeck's argument that because sec. 893.82 does not expressly prohibit an action against the insurer, or because it was never the legislature's intent to protect the private insurer of a state employee, Tierney's direct action against American Family should be allowed. If we accepted this first argument, however, the logical extension would be to allow direct actions against any governmental unit's insurer even though such actions may be barred because the claimant failed to comply with the relevant notice of injury or claim statute. We cannot accept such a result.

While it may be true that the legislature did not intend to protect the private insurer of a state employee,[5] it is

---

[5] The purpose of § 893.82 is to permit the attorney general to investigate claims that might result in judgments to be paid by the state under the indemnity statute. See *Yotvat v. Roth*, 95 Wis. 2d 357, 290 N.W.2d 524 (Ct. App. 1980).

not sec. 893.82 that protects the insurer, but is rather its contract with the insured, which provides that the insurer will make payments on behalf of its insured of all sums that the insured is obligated to pay as damages. Because Tierney cannot recover against Lacenski, who is the only insured in this case, it necessarily follows from the policy language that no direct action may be maintained against his insurance carrier.[6] The trial court's order to dismiss American Family and its refusal to dismiss Bollenbeck from the action is therefore affirmed. Because of our holdings, we need not address the argument that sec. 893.82 places a ceiling on the total amount a person can recover for damages in any civil action against a state employee's insurer.

*By the Court.*—Order affirmed.

---

[6] Although the result may appear unfortunate· and unintended by the legislature, this is a matter that is best left to the legislature's discretion as done in §§ 632.22 and 632.34, Stats. *See Kranzush v. Badger State Mutual Casualty Co.*, 103 Wis. 2d 56, 307 N.W.2d 256 (1981).

