Emilia A. GONZALEZ and Baleriano Gonzalez, Plain-
tiffs-Appellants,†

v.

James C. TESKEY, Sheboygan Transit Company, City
of Sheboygan, Transit Mutual Insurance Corporation
of Wisconsin and Thomas Industries, Inc., Defendants-
Respondents.

Court of Appeals

No. 90-1324. Submitted on briefs December 11, 1990.—Decided
December 26, 1990.

(Also reported in 465 N.W.2d 525.)

†Petition to review denied.

1

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Daniel J. Rostollan* of *Dillman, Holbrook, Wurtz, Roth & Rostollan* of Sheboygan.

On behalf of the defendants-respondents, James C. Teskey, Sheboygan Transit Company, City of Sheboygan, and Transit Mutual Insurance Corporation of Wis-

consin, the cause was submitted on the brief of *Thomas A. Wilson* of *Bachman, Cummings & McIntyre, S.C.* of Appleton.

Before Nettesheim, P.J., Brown and Scott, JJ.

NETTESHEIM, P.J.   Emilia A. Gonzalez appeals from the circuit court's judgment dismissing her complaint against James C. Teskey, the Sheboygan Transit Company, and the City of Sheboygan (Teskey).[1] The circuit court dismissed Gonzalez' action because she failed to first file a claim pursuant to sec. 345.05(2), Stats. The court also ruled that Teskey was not estopped from asserting the statute as a defense. We affirm the judgment of dismissal.

The facts are not in dispute. We take them from Gonzalez' complaint and the affidavits and stipulation which the parties provided the court on Teskey's motion to dismiss. Gonzalez alleged that Teskey, in his capacity as a bus driver for the Sheboygan Transit Company, negligently operated a company bus and thereby caused her injury. The parties settled Gonzalez' property damage claim. In the release, Teskey denied any liability to Gonzalez.

Thereafter, Gonzalez filed this action. She did not first file a claim for her damages pursuant to sec. 345.05(2), Stats. On appeal, Gonzalez concedes that this failure bars her action against the City of Sheboygan and the Sheboygan Transit Company. She argues, however,

---

[1]The complaint also stated a derivative claim on behalf of Baleriano Gonzalez, husband of Emilia Gonzalez.

The complaint also named as defendants Transit Mutual Insurance Corporation of Wisconsin, Teskey's liability insurance carrier, and Thomas Industries, Inc., Baleriano Gonzalez' employer, which claimed subrogation rights to Emilia Gonzalez' claim.

that her action against Teskey is not barred by this failure.

## SECTION 345.05, STATS.

We first briefly address the statutory scheme by which an injured person may make a claim and then commence an action against a municipality and its agents or employees.

Section 893.80(1)(a) and (b), Stats., precludes an action against a municipality and its officers, officials, agents or employees unless two conditions are met: (1) the injured party gives notice of the injury within 120 days of the event giving rise to the claim;[2] and (2) the injured party gives a notice of claim, including an itemized statement of the relief sought, and the claim is disallowed.

However, when damage results from the negligent operation of a municipally owned or operated motor vehicle, sec. 345.05, Stats.—not sec. 893.80, Stats.—applies. Section 345.05(2) requires a notice of claim but unlike sec. 893.80(1)(b) does not require a notice of injury.[3] However, the claim must be filed in accordance with the requirements of sec. 893.80. Section 345.05(3).

---

[2]Failure to give notice of injury does not bar an action if the claimant can show actual notice and no prejudice to the municipality. Section 893.80(1)(a), Stats.

[3]The supreme court has concluded that the notice of claim requirement in sec. 345.05, Stats., alone is sufficient because "actual and timely notice to the government unit cannot be disputed and is unnecessary on occasions when government employees cause damages in the direct course of operation of government vehicles." *Rabe v. Outagamie County,* 72 Wis. 2d 492, 497, 241 N.W.2d 428, 431 (1976).

Next we set out the specific statutory provisions relevant to this case. Section 345.05, Stats., provides, in part:

(2)  A person suffering any damage proximately resulting from the negligent operation of a motor vehicle owned and operated by a municipality, which damage was occasioned by the operation of the motor vehicle in the course of its business, *may file a claim for damages against the municipality* concerned and the governing body thereof may allow, compromise, settle and pay the claim . . ..

(3)  *A claim under this section shall be filed in the manner, form and place specified in s. 893.80 . . ..* [Emphasis added.]

Section 893.80(1), Stats., provides, in part:

[N]o action may be brought or maintained against any . . . political corporation, governmental subdivision or agency thereof nor against any officer, official, agent or employe of the corporation, subdivision or agency for acts done in their official capacity or in the course of their agency or employment upon a claim or cause of action unless:

. . ..

(b)  A claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk or secretary for the defendant . . . corporation, subdivision or agency and the claim is disallowed . . ..

■■ Against this backdrop, we now turn to this case. The issue concerns a matter of statutory construction. This is a question of law. *State v. Michels,* 141 Wis. 2d 81, 87, 414 N.W.2d 311, 313 (Ct. App. 1987). So also is the application of a statute to undisputed facts. *City of*

7

*Milwaukee v. Greenberg,* 157 Wis. 2d 326, 329, 459
N.W.2d 588, 590 (Ct. App. 1990). We review such ques-
tions without deference to the trial court's decision.
*Michels,* 141 Wis. 2d at 87, 414 N.W.2d at 313.

Gonzalez argues that since sec. 345.05(2), Stats., is
limited to "a claim for damages against *the municipal-
ity,"* (emphasis added) the statute does not preclude her
action against the municipal employee, Teskey. Prior
decisions of the Wisconsin Supreme Court support this
argument. In *Rabe v. Outagamie County,* 72 Wis. 2d 492,
501-02, 241 N.W.2d 428, 433 (1976), and *Shannon v.
Milwaukee,* 94 Wis. 2d 364, 373-74, 289 N.W.2d 564, 570
(1980), the supreme court held that sec. 345.05, Stats., *as
it then existed,* precluded only an action against the
municipality—not the municipal employee.

At the time of *Rabe* and *Shannon,* sec. 345.05,
Stats., did not invoke the provisions of sec. 893.80,
Stats., as to the manner, form and place for filing claims.
Instead, the statute recited seven alternative methods
for filing a claim depending upon the type of municipal-
ity against which the claim was made. For instance, in
*Rabe,* where the claim was directed against a county, sec.
345.05, Stats. (1971), directed that the claim be filed
pursuant to secs. 59.76 and 59.77(1), Stats. (1971). Thus,
the supreme court looked to those statutes to determine
whether the action against the employee was also barred.
Noting that sec. 59.76(1), Stats. (1971), stated that "No
action shall be brought or maintained against a county,"
the court concluded that the claims statute applied only
to the governmental agency and not to its employees.
*Rabe,* 72 Wis. 2d at 499-502, 241 N.W.2d at 432-33.

In *Shannon,* the claim was filed against a city which
disallowed the claim. The claimant then commenced the
circuit court action beyond the time limits following dis-
allowance set forth in sec. 345.05(4), Stats. (1975). The

supreme court ruled that the untimely lawsuit did not bar all actions, but only those "founded on the claim." *Shannon,* 94 Wis. 2d at 370, 289 N.W.2d at 568. The supreme court confirmed the ruling it had made in *Rabe:*

> Sec. 345.05 by its clear language applies only to claims made directly against the state or municipality for damages caused by the negligent operation of their vehicles. The fact that state and municipal employees are indemnified by their employers does not entitle them to their employer's defense under sec. 345.05(4).

*Shannon,* 94 Wis. 2d at 374, 289 N.W.2d at 570.[4] Thus, while the action against the municipality in *Shannon* was doomed, the action against the municipal employee survived.

Today, however, the statutory underpinnings for *Rabe* and *Shannon* are no longer on the books. Instead of reciting the various alternative methods for filing a claim depending upon the municipality involved, sec. 345.05(3), Stats., now invokes the singular procedure set out in sec. 893.80, Stats. In addition, the language in sec. 345.05(4), Stats. (1975), relied upon by the supreme court in *Shannon,* is no longer part of the statute. *See* sec. 774, ch. 221, Laws of 1979.

---

[4]In *Shannon v. City of Milwaukee,* 94 Wis. 2d 364, 289 N.W.2d 564 (1980), the supreme court did not look to the corresponding statute governing the filing of claims against the municipality as it had done in *Rabe.* Had it done so, the result likely would have been the same since the statute in *Shannon,* sec. 62.25(1), Stats. (1975), spoke only of an action against "a city," just as the statute in *Rabe* spoke only of an action against "a county." Instead the court in *Shannon* rested its decision on the language of sec. 345.05(4), Stats. (1975).

Under the present statutory scheme, sec. 345.05, Stats., sets out the requirement for filing a notice of claim against a municipality. However, that statute, standing alone, does nothing more than recite the notice of claim requirement. It says nothing about the consequences for a failure to follow the statute. Thus, the legislature invoked sec. 893.80, Stats., to provide the machinery to implement sec. 345.05. Among other things, sec. 893.80 sets out: (1) the procedure for filing a notice of claim; (2) the prerequisites for commencing an action against the municipality or the employee or both; and (3) the time limit for commencing an action following disallowance of the claim.

We thus turn to sec. 893.80, Stats., in resolving the question of whether Gonzalez' failure to file a claim precludes her action against the municipal employee, Teskey. If a notice of claim is not filed, sec. 893.80(1) provides that "no action may be brought or maintained against any . . . agent or employe . . .." This language is plain and unambiguous. Unlike *Rabe* where sec. 59.76, Stats. (1973), precluded an action only against a county, the language of sec. 893.80(1) now precludes an action against both the municipality and the employee.

Likewise, if the action is not commenced within the time limit following disallowance, sec. 893.80(1)(b), Stats., provides that no action on a claim may be brought "against any . . . agent or employe . . .."[5] Here again the language is plain and unambiguous. Unlike *Shannon* where sec. 345.05(4), Stats. (1975), precluded only the action "founded on the claim," the language of sec. 893.80(1)(b) now precludes an action against both the municipality and the employee.

---

[5]In this case, Gonzalez' claim was not disallowed because it was never filed.

10

We are mindful that sec. 345.05(3), Stats., invokes sec. 893.80, Stats., insofar as the latter prescribes the "manner, form and place" for filing a notice of claim. We have considered whether this language precludes our consideration of the provisions of sec. 893.80 which require that a claim be filed before an action may be commenced because such provisions may not refer to the "manner, form and place" for filing a notice of claim.[6] However, as we have earlier noted, were we to so limit sec. 345.05, the statute would stand only as a directive with no consequences. This, we conclude, would leave the statute in an unreasonable, absurd and meaningless state. We should avoid such interpretations. *See Sturgis v. Town of Neenah Bd. of Canvassers,* 153 Wis. 2d 193, 204, 450 N.W.2d 481, 486 (Ct. App. 1989); *see also Liles v. Employers Mut. Ins. of Wausau,* 126 Wis. 2d 492, 503, 377 N.W.2d 214, 220 (Ct. App. 1985).

We have also considered the resulting state of the law if Gonzalez is correct that sec. 345.05(2), Stats., does not apply to her action against Teskey.[7] Should her action then be governed by the provisions of sec. 893.80, Stats., which require not only a notice of claim but also a notice of injury? We think not, since the supreme court has stated that, where a person is injured by the negligent operation of a municipally owned or operated motor vehicle, the purpose of sec. 345.05 was to lessen—not increase—the filing requirements. *See Rabe,* 72 Wis. 2d at 497, 241 N.W.2d at 431.

On the other hand, should Gonzalez be relieved of any notice of claim requirements? Again we think not. If

[6]Gonzalez, however, does not make this argument.

[7]Neither Gonzalez nor Teskey addresses this consideration.

11

we were to conclude that no claim need be filed where only the municipal employee is sued, we would defeat the public policy behind the notice of claim procedure. Even though not directly suable when a claim is not filed, the municipality is still vicariously liable under the doctrine of *respondeat superior* for the negligent acts of its employees while they are acting within the scope of their employment. *See Shannon,* 94 Wis. 2d at 370, 289 N.W.2d at 568. The purpose of the notice of claim requirement is to afford the municipal governing body the opportunity to compromise and settle the claim without litigation. *Figgs v. City of Milwaukee,* 121 Wis. 2d 44, 53, 357 N.W.2d 548, 553 (1984). The legislature intended, when enacting sec. 345.05, Stats., only to lessen the filing requirements. It did not intend to totally abandon the sound public policy served by the notice of claim requirement.

Thus, we conclude that compliance with sec. 345.05, Stats., is a prerequisite to an action against a municipal employee. The circuit court correctly dismissed Gonzalez' claim on this ground.

## ESTOPPEL

Gonzalez argues, alternatively, that Teskey is estopped from asserting sec. 345.05, Stats., as a defense to her action because Teskey's insurer paid her property damage claim and negotiated her personal injury claim in the face of Gonzalez' noncompliance with the statute.

Estoppel may be applied where action or nonaction on the part of the one against whom the estoppel is asserted induced reliance by another, either in the form of action or nonaction, to his detriment. *Southern Wis.*

*Cattle Credit Co. v. Lemkau,* 140 Wis. 2d 830, 840, 412 N.W.2d 159, 163 (Ct. App. 1987). Proof of estoppel must be clear, satisfactory and convincing and is not to rest on mere inference and conjecture. *Variance, Inc. v. Losinske,* 71 Wis. 2d 31, 39, 237 N.W.2d 22, 26 (1976). The ultimate determination whether to apply estoppel is addressed to the trial court's discretion. *Hoffman v. Red Owl Stores, Inc.,* 26 Wis. 2d 683, 698, 133 N.W.2d 267, 275 (1965).

Among the factors for consideration in an estoppel case is whether the party against whom estoppel is asserted has engaged in fraudulent or inequitable conduct. *State ex rel. Susedik v. Knutson,* 52 Wis. 2d 593, 596, 191 N.W.2d 23, 25 (1971).[8] A party is estopped from asserting a defense when the conduct is so unfair and misleading as to outweigh the public's interest in setting a limitation on bringing actions. *See Schwetz v. Employers Ins. of Wausau,* 126 Wis. 2d 32, 37, 374 N.W.2d 241, 244 (Ct. App. 1985).

We see nothing in Teskey's actions which even remotely suggests fraudulent, inequitable, unfair or misleading conduct. Teskey expressly denied any liability in the property damage release. Nor did Teskey ever say, suggest or imply that Gonzalez was free to ignore the statutory claim requirement. Indeed, there was no need for the parties to even consider this matter since the statutory claim requirement is a prerequisite to commencement of an action, not to payment or negotiation of a claim.

[8]However, actual fraud, in a technical sense, is not required. *State ex rel. Susedik v. Knutson,* 52 Wis. 2d 593, 597, 191 N.W.2d 23, 26 (1971).

In addition, a party's reliance on another's conduct must be reasonable. *Id.* at 37–38, 374 N.W.2d at 244. We accept arguendo Gonzalez' assertion that she relied upon Teskey's failure to assert the notice of claim statute, but such does not make her reliance reasonable. As noted earlier, we see nothing in Teskey's conduct which reasonably could have induced Gonzalez to believe she was free to ignore the statutory requirements for bringing her action. When statutory requirements governing the bringing of an action are not followed, the law is particularly loath to find estoppel. *See id.* at 38, 374 N.W.2d at 244. The trial court properly exercised its discretion by denying estoppel relief to Gonzalez.

*By the Court.*—Judgment affirmed.