IN RE the MARRIAGE OF:

SCOTT M.H., Petitioner-Respondent,

v.

KATHLEEN M.H., Respondent-Appellant. [Case No. 97–0814]

IN the INTEREST OF RICHARD J.H., a Child Under the Age of Eighteen:

SCOTT M.H., Petitioner-Respondent,

v.

KATHLEEN M.H., Respondent-Appellant. [Case No. 97–0815]

Court of Appeals

*Nos. 97–0814, 97–0815. Submitted on briefs March 3, 1998.—Decided April 15, 1998.*

(Also reported in 581 N.W.2d 564.)

On behalf of the respondent-appellant, the cause was submitted on the brief of *Christine Harris* of Milwaukee.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *James E. Huismann* of Waukesha.

A guardian ad litem brief was filed by *Daniel M. Kile* of New Berlin.

Before Snyder, P.J., Brown and Nettesheim, JJ.

NETTESHEIM, J.   Kathleen M.H. appeals from a trial court order which changed the custody and primary placement of her child, Richard, to her former husband, Scott M.H. The matter came before the trial court upon Scott's petition for a child abuse injunction pursuant to § 813.122, STATS. Although the trial court held that Scott had established grounds for an injunction, the court declined to issue an injunction. Instead, the court changed Richard's placement and custody in the parties' divorce action pursuant to § 767.325, STATS.

On appeal, Kathleen contends that the child abuse injunction statute, § 813.122, STATS., does not author-

ize a custody or placement change. Kathleen further argues that the trial court violated her due process right to notice when it transferred Richard's placement and custody under the aegis of the parties' divorce action. We disagree. We hold that § 813.122 envisions the possibility of a custodial or placement change when the respondent in the action is the custodial parent under a divorce judgment or order. We further hold that Kathleen had notice that her custodial or placement rights were at issue in the proceedings in the trial court.

Kathleen and Scott were divorced on March 23, 1993. The parties were awarded joint legal custody of their only child, Richard, and Kathleen was awarded primary physical custody. In August 1995, Scott filed a motion in the divorce action seeking sole custody and placement of Richard. For reasons not explained in the parties' briefs, this matter was not scheduled for hearing until over a year later, in December 1996. However, prior to the scheduled hearing, Scott filed a petition for a temporary child abuse restraining order and injunction against Kathleen pursuant to § 813.122, STATS. The petition alleged that Kathleen had engaged in physical and sexual abuse of Richard who was then three years old. A hearing on this petition was held over a four-day period in late September and early October 1996.

In a written order dated December 2, 1996, the trial court recited its finding that "the evidence submitted by Scott [H.] in support of his Petition for a child abuse injunction against Kathleen [H.], pursuant to § 813.122, Wis. Stats. is overwhelming. . . . [T]here is reasonable grounds to believe that Kathleen [H.] has engaged in, and based upon her prior conduct, may engage in abuse of Richard." Despite this finding, the

court dismissed the injunction action, instead taking jurisdiction over the matter in the parties' divorce action. Wearing its "divorce hat," the court changed Richard's custody and placement to Scott pursuant to § 767.325, STATS. The court additionally ordered supervised placement of Richard with Kathleen one time per week. The trial court stated that it was relying upon the evidence presented at the injunction hearing in support of its decision. Kathleen appeals the trial court's order.

We begin by addressing Scott's contention that Kathleen waived her right to object to the trial court's procedure on appeal because she did not raise the issue before the trial court. Although this is a close question, we conclude that Kathleen did sufficiently preserve the issue for appellate review.

■

At the conclusion of the hearing, the trial court stated that it was considering dismissing the injunction action in favor of addressing the issue as part of Scott's pending motion for a change of Richard's custody and placement in the divorce action which was scheduled for a hearing some months later. Kathleen's attorney responded as follows:

> I think the court has reached a point in this trial it wants to make a decision, and I think the court is fully aware of the facts. Our position is [the abuse] didn't occur, that there has not been a meeting of the burden of proof. And I ask the court to not . . . move forward . . . in the injunction. Because as I said we don't object to dealing with it within—within the confines of the divorce case.

Scott relies on the above statement in support of his waiver claim. However, we take note that Kathleen's

attorney completed the foregoing statement by noting his and Kathleen's "concern[ ] that [their] position on custody be fully presented to the court." Thus, despite counsel's statement that Kathleen would not object to the court acting in the divorce action, Kathleen was nevertheless seeking assurance that she be fully heard on the custody and placement issues. We therefore reject Scott's argument that Kathleen has waived her appellate claim that she was not on notice that her custody and placement rights to Richard were at risk.

We thus turn to the merits. Kathleen first argues that the trial court acted without statutory authority when it modified Richard's custody and placement. She contends that the injunction statute, § 813.122, STATS., does not permit such action. She correctly notes that the statute is silent on the issue of custody in such a proceeding. Scott and Richard's guardian ad litem similarly agree, but they contend that § 813.122 implicitly authorizes the court to modify custody and primary placement of an abused child when the respondent is a custodial parent under a divorce judgment or order.

■

The issue presented in this case involves the interpretation of § 813.122, STATS. Statutory construction presents a question of law which we review independently. *See Gonzalez v. Teskey,* 160 Wis. 2d 1, 7–8, 465 N.W.2d 525, 528 (Ct. App. 1990).

Pursuant to § 813.122(5)(a)3, STATS., the circuit court may issue an injunction ordering the respondent to avoid the child victim's residence or any premises temporarily occupied by the child victim if the court finds "reasonable grounds to believe that the respondent has engaged in, or based upon prior conduct of the child victim and the respondent may engage in, abuse of the child victim." The injunction issued "is effective

610

according to its terms, but for not more than 2 years or until the child victim attains 18 years of age, whichever occurs first." Section 813.122(5)(d)1.

Kathleen argues that because § 813.122, STATS., does not expressly speak to the issues of custody or placement, the trial court acted beyond its statutory authority when it changed Richard's custody and placement following the hearing. However, we conclude that a transfer of custody is implicitly envisioned by § 813.122(5)(b) of the statute which states: "If the respondent is the parent of the child victim, the judge shall modify the order under par. (a) to provide the parent reasonable visitation rights, unless the judge finds that visitation would endanger the child's physical, mental or emotional health. The judge may provide that any authorized visitation be supervised." It is evident from this language that if the respondent parent is also the custodial parent, as is Kathleen in this case, visitation rights could not be accorded unless custody were transferred.

This implicit authority is also revealed by the language of subsec. (5)(a) which allows the judge in an injunction proceeding to order the respondent to "avoid the child victim's residence . . . and to avoid contacting . . . the child victim unless the petitioner consents . . . and the judge agrees." Section 813.122(5)(a), STATS. If the respondent parent is also the custodial parent, as is Kathleen in this case, such limitations on contacts with the child could not be ordered unless custody were transferred.[1]

---

[1] We find further support for our holding under § 813.122(5)(e), STATS., which authorizes the trial court to "direct the payment of child support using a method of calculation authorized under s. 767.25" if the court issues an injunction. Like visita-

We conclude that the trial court has the authority to address custody and placement issues as they become pertinent to a hearing under § 813.122, STATS.

Our interpretation of the statute controls Kathleen's related appellate complaint that the trial court nonetheless erred by issuing its order under the aegis of the parties' divorce action. Despite finding that Kathleen had abused Richard and that the grounds for an injunction had been established, the court declined to issue an injunction. The court stated:

> The difficult thing about this case to the court is . . . the restraining order . . . is a complete bar restraining the mother from going upon the premises where the child lives, and all sorts of things. . . . I don't think that is necessary.

Therefore, the court dismissed the injunction petition in favor of addressing the abuse in the context of the parties' divorce action. The court then determined that Richard's custody and placement would be transferred to Scott with weekly supervised visitation periods with Kathleen.

Even if we assume that the trial court procedurally erred by invoking its divorce jurisdiction, we hold that the error was harmless. As we have just explained, the injunction statute envisions a change of custody or placement when the respondent is the custodial parent. Here, the court factually determined that the grounds for an injunction had been established. Thus, the court could have entered the same order changing Richard's custody and placement in the injunction proceeding—the matter which was actually litigated. The court turned to the divorce action only because it con-

tion, a recalculation of child support is an issue which need only be addressed if custodial arrangements are altered.

cluded that an injunction was too harsh and restrictive a sanction against Kathleen. We fail to see how Kathleen was harmed or can complain about that action.

We conclude that Kathleen did not waive her right to challenge the trial court procedures on appeal. However, we conclude that § 813.122, STATS., implicitly envisions a change of placement and custody if the trial court issues a child abuse injunction against a parent who has custody or placement of a child under a divorce judgment or order. As such, Kathleen had notice that her custodial and placement rights were at issue at the injunction hearing. We conclude that the trial court's procedures did not violate Kathleen's due process rights to fair and adequate notice.

*By the Court.*—Order affirmed.