HENDEN, Plaintiff, v. PASSOW and another, Appellants
and Defendants: LOTHEN and another, Impleaded
Third-Party Defendants and Respondents.

*No. 286. Argued April 10, 1968.—Decided May 7, 1968.*
(Also reported in 158 N. W. 2d 551.)

120

For the appellants there was a brief by *Fugina, Kostner, Ward, Kostner & Galstad* of Arcadia, and oral argument by *La Vern G. Kostner.*

For the respondents there was a brief by *Moen, Sheehan & Meyer* of La Crosse, and oral argument by *Leon E. Sheehan.*

HANLEY, J. The primary issue on this appeal is whether there was sufficient credible evidence to support the jury's verdict, finding the respondents and impleaded third-party defendants negligent.

Appellants contend that there is credible evidence to support the jury's finding that Lothen was causally negligent and that the jury verdict should therefore be reinstated as to him. We approach the question of Lothen's negligence from the standpoint of determining whether there is any credible evidence to support such finding.

The collision occurred at the intersection of Highway 35 and a crossroad, which to the west of the highway is a town road and to the east is County Trunk N. The intersection is flat with good visibility in all directions. On May 12, 1966, at approximately 1:45 p. m., the Lothen vehicle was traveling north on Highway 35 at a speed of 40 to 45 miles per hour. Passow was proceeding east on the town road at roughly the same speed. It was his intention to cross Highway 35 and to continue east on County Trunk N.

Highway 35 is an arterial highway with a posted speed limit of 65 miles per hour during the day. Cars entering the intersection from the town road are required to stop for Highway 35 traffic. Passow did not make the required stop but slowed to a speed of five to six miles per hour to allow a vehicle southbound on Highway 35 to clear the intersection and then accelerated as he proceeded into the intersection. His car was struck broad-

side by the front end of Lothen's pickup truck. Passow admits he did not see Lothen prior to the impact.

Lothen testified he was some distance away from the intersection when he first saw Passow. Passow, he estimated, was on the side road to his left several hundred feet from the intersection. He further testified that he observed Passow on three different occasions and that it appeared to him that Passow was slowing down. After he noticed Passow slowing down, he turned his attention to the highway ahead of him. There he observed a car coming toward him from the opposite direction on Highway 35, traveling in its proper lane of traffic. It was not until immediately after Lothen and the southbound vehicle met and passed each other that Lothen redirected his attention to Passow. Lothen was then about 40 feet from the intersection. Passow was at that time accelerating into the intersection. Lothen testified that the impact occurred so soon thereafter that he did not have time to deviate from his lane before impact. He did reach for his brakes and thinks they took hold before impact.

A traffic officer of Buffalo county, Henry A. Zeichert, testified that he was called to the scene of the accident and made out an accident report. He related that most of the debris was located in the northeast quadrant of the intersection and placed the point of impact there. It was his opinion that none of the marks observable on the pavement were skid marks.

The damage to the vehicles and their positions after the collision indicated the impact occurred with great force. The Ford pickup was approximately 57 feet from the center of the intersection, and the Buick was approximately 110 feet from the center of the intersection.

Ernest Pickering, a witness to this accident, testified that prior to the accident he pulled his vehicle onto the shoulder of the road and stopped. At this time he was approximately 110 to 150 feet north of the intersection

where the town road intersects Highway 35. He stopped because of a "hunch" that there was going to be a crash. He observed the Passow vehicle traveling in an easterly direction on the town road. He also saw the Lothen vehicle traveling north on Highway 35.

In our opinion these circumstances created a jury issue as to whether Lothen was negligent as to lookout; and there is credible evidence to sustain the jury's affirmative finding of negligence.

One who travels on an arterial may rightfully rely on an assumption that his right-of-way will be respected. However, this court has specifically ruled that this does not excuse a driver who has the right-of-way from maintaining a proper lookout. *Gibson v. Streeter* (1942), 241 Wis. 600, 602, 6 N. W. 2d 662. So too in *Gaspord v. Hecht* (1961), 13 Wis. 2d 83, 87, 108 N. W. 2d 137, we noted the dignity that must be accorded to the user of an arterial highway, but went on to observe that the question of such driver's lookout in that case was for the jury.

In *Wiley v. Fidelity & Casualty Co.* (1958), 3 Wis. 2d 320, 324, 88 N. W. 2d 366, we said:

"The plaintiff attempts to place too much reliance on his right to assume that no one would invade his lane of traffic where he had the right of way because he was on an arterial highway. A driver cannot rely entirely upon such an assumption. . . ."

A similar expression is found in *Reddick v. Reddick* (1961), 15 Wis. 2d 37, 41, 112 N. W. 2d 131, where this court quoted from *Puhl v. Milwaukee Automobile Ins. Co.* (1959), 8 Wis. 2d 343, 348, 99 N. W. 2d 163:

" 'Having the right of way does not relieve one of the duty of watching the road for vehicles on the highway or entering thereon.' "

In *Lisowski v. Milwaukee Automobile Mut. Ins. Co.* (1962), 17 Wis. 2d 499, 117 N. W. 2d 666, the court

pointed out that the assumption relied upon affects primarily management and control or speed and does not affect one's duty to maintain a proper lookout.

Harvey Lothen had a duty to keep an efficient lookout and he was not wholly relieved of that responsibility because of the fact that he was proceeding upon an arterial highway. Whether Lothen's watching the oncoming car to the exclusion of Passow, at least for a time, was negligence presented a jury question. The jury could find that Lothen, after observing Passow, had a duty to continue in such observation and alert Passow of his presence.

Appellants' contention that the absence of skid marks and the failure of Lothen to take evasive action indicates that he was negligent as to management and control is without merit. It is undisputed that Lothen was almost on top of Passow when he rediscovered his presence. It may be that faulty lookout put him in that position, but the time was undoubtedly too short for him to take effective evasive action.

No issue has been raised on this appeal concerning the plaintiff's or Passow's negligence. Since the jury could properly have found Lothen negligent and since appellants have no quarrel with the jury apportionment, judgment should be entered on behalf of Passow and his insurer on their third-party complaint against Lothen and his insurer on the verdict as returned by the jury.

*By the Court.*—That portion of the judgment appealed from is reversed and cause remanded with directions to enter judgment on behalf of Passow and his insurer in the amount of 10 percent of the damages awarded by the jury.