MALIK, Administrator of the Estate of Arleen M. Malik, and others, Respondents, v. ZIMMICK and another, Appellants.*

*No. 222. Argued October 8, 1970.—Decided November 3, 1970.*
(Also reported in 180 N. W. 2d 593.)

* Motion for rehearing denied, with costs, on January 5, 1971.

For the appellants there was a brief by *Kluwin, Dunphy, Hankin & Hayes* of Milwaukee, and oral argument by *Gerald T. Hayes*.

For the respondents there was a brief by *Braden & English* of Lake Geneva, and oral argument by *James L. English*.

HANLEY, J. The following issues are raised on this appeal:

(1) Was the defendant driver on an arterial highway causally negligent with respect to lookout;

(2) Did an emergency situation confront the defendant driver as he was entering the intersection;

(3) Was there sufficient evidence to support the trial court's award of pecuniary damages;

(4) What is the effect of the covenant not to sue on the award of damages; and

(5) Did the trial court err in refusing to increase the sum awarded to the parents for pecuniary loss?

### *Marvin Zimmick's lookout.*

The principal issue on this appeal is whether there was sufficient credible evidence to support the trial court's finding that defendant Zimmick was causally negligent with respect to lookout.

Defendants contend that there is no credible evidence nor inferences of negligent lookout and that the defendant Zimmick should be absolved of negligence and, particularly, of causal negligence.

We approach the question of Zimmick's negligence from the standpoint of determining whether there is any credible evidence to support such finding.

600b

There were only three witnesses who testified at the trial—Officer Lawrence A. Hausner, who investigated the accident; Stella Malik, mother of the deceased; and eyewitness Carl Kniza. None of these witnesses testified as to the sufficiency of Zimmick's lookout. The only additional testimony, as part of plaintiffs' case, was the prior adverse examination of the defendant Zimmick, together with his signed statement.

In his adverse examination defendant Zimmick testified that he had been to Hales Corners, Wisconsin, with members of his family and relatives. Returning to Algonquin, Illinois, his home, he drove toward Lake Geneva on Highway 36, at a speed of 55 to 60 miles per hour, that the accident occurred on a downgrade, and he saw the intersection at the time he saw the car. At that time he was perhaps three car lengths from the intersection. When he first saw the other car it was proceeding across the lane of traffic in the right-hand lane and was almost to the center line. When he saw the vehicle, he knew he was going to hit and shouted, "Hang on." From the time he first saw the other vehicle, that car had advanced one half of the width of the right-hand lane. The intersection was hidden by trees and bushes on the corner to the right. He also testified that prior to the accident he was looking straight ahead.

In his signed statement given on September 8, 1965, two days after the accident, the defendant stated:

". . . When I was about 40 to 60 feet north of the Krueger Road, I saw for the first time this eastbound car of Philip Wiertel. At this time, the Wiertel car was just entering onto the highway. It appeared to me that the Wiertel car was just starting to move after stopping for the stop sign. . . ."

With respect to the claimed negligence of the driver Zimmick, the plaintiffs rely upon his statement that prior to the accident he was looking straight ahead and that he did not observe the car in which the deceased was a passenger until it was one half way into his lane.

The defendants contend Zimmick was not negligent as to lookout because the intersection was hidden and the other vehicle pulled onto Highway 36 from behind bushes and trees.

Photographs received in evidence clearly show an obstruction to the view of motorists proceeding south on Highway 36 and approaching the intersection of Krueger Road. The record does not disclose the distance of visibility Zimmick could have had of the Wiertel vehicle as it approached the stop sign.

Several cases are cited by plaintiffs where it has been held that a driver having the right-of-way may be negligent in the operation of his car when it is apparent that an approaching car for some reason is not going to yield the right-of-way. The facts in those cases are all distinguishable from the facts in the instant case.

In *Ashley v. American Automobile Ins. Co.* (1963), 19 Wis. 2d 17, 20, 21, 119 N. W. 2d 359, 361:

"Mrs. Fehlandt saw the Thompson car when the latter was stopped at the intersection. At that point, Mrs. Fehlandt was 250 feet north of the intersection and was traveling 45 miles per hour. . . .

"Mrs. Fehlandt did not observe the Thompson car again until it was partly in her lane of travel and only 28 feet in front of her. She did not observe how the Thompson car got into that position. She did not see the Thompson car between the time she first saw it stopped at the stop sign on County Trunk C and the next time when it was hazardously in front of her on Highway 45. . . ."

In *Reddick v. Reddick* (1961), 15 Wis. 2d 37, 112 N. W. 2d 131, the evidence supported the jury's finding that the defendant driver, who saw a horse and rider galloping across an open field toward the highway from the left, when he was approximately 600 feet and they were 300 feet from the point of collision, but that he did not again see them until they were 30 to 40 feet from his car, because of diverting his attention to the right, was negligent as to lookout.

*Henden v. Passow* (1968), 39 Wis. 2d 119, 158 N. W. 2d 551, an arterial intersection case is also distinguishable. The accident occurred at the intersection of Highway 35 and a town crossroad. Driver Lothen was proceeding north on Highway 35. Driver Passow was proceeding east on the town road. Lothen observed Passow several hundred feet away. He observed him on three different occasions. It appeared to him that Passow was slowing down. Lothen turned his attention ahead. The next time he saw Passow's car, Lothen was 40 feet from the intersection. Passow slowed to allow a southbound car to pass and then accelerated into the intersection.

We think that from the testimony of defendant Zimmick the trial court could properly make a finding of negligence as to lookout in failing to see the intersection earlier than he did. However, we fail to see where such negligence could be causal under the circumstances. There is no evidence that had Zimmick observed the intersection earlier the accident could have been avoided. On the contrary, there is the testimony of the disinterested witness, Kniza, that the Zimmick car was traveling at average speed and the Wiertel car was coming across the intersection when the Zimmick car was only 10 to 15 feet away.

It appears the issue of Zimmick's negligence gave the trial court considerable concern. The trial court in its decision stated:

"The most difficult issue appears to be the negligence and causation of defendant driver Zimmick."

His comment on oral rulings on motions after decision was that:

". . . the real key to this case counsel well knows, is the matter of liability and what the court struggled with for a long time . . . ."

We conclude that the only possible inference drawn from the facts of this case is that the deceased driver

either failed to stop or pulled out from an arterial stop onto Highway 36 directly into the path of defendant Zimmick without ever seeing the Zimmick car. Thus the sole and only cause for this collision was the negligence on the part of the deceased driver.

Since we have determined that there is no credible evidence to find defendant driver Zimmick causally negligent, therefore, we do not reach the remaining issues of this case. The plaintiffs' complaint must be dismissed.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.