139 F.3d 902
 26 Media L. Rep. 1602
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James W. MILSAP, Plaintiff-Appellant,
v.
Gregory D. STANFORD, Defendant-Appellee.
 No. 97-3082.
 United States Court of Appeals, Seventh Circuit.
 Submitted November 25, 1997*.
Decided March 9, 1998.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, No. 95-C-0086, Rudolph T. Randa, Judge.
 Before Hon. KENNETH F. RIPPLE, Hon. DANIEL A. MANION, and Hon. ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 This successive appeal concerns an editorial column written by Gregory Stanford, containing a statement that James Milsap alleges is defamatory under Wisconsin law. In the editorial column, Stanford referred to Milsap's activities in Milwaukee in the late 1960's when Milsap ran a job training program and opened a center called "Inner City Hall." The center published a local newspaper, and Stanford worked at the newspaper. In the article, Stanford commented on how Milsap was able to afford certain items at the center and certain personal items, stating: "if my case was typical.... [Milsap] simply reneged on paying people."
 
 
 2
 Initially, Milsap brought a variety of claims, including defamation, against Stanford; the Milwaukee Journal, which published the article; and two other Milwaukee Journal employees. The district court granted summary judgment in favor of the defendants on all claims Milsap appealed, challenging only the decision on the defamation claim. We held that Stanford's statement that Milsap reneged on paying people was actionable, but only to the extent it suggested that Milsap had failed to pay Stanford. Milsap v. Journal/Sentinel, Inc., 100 F.3d 1265, 1268 (7th Cir.1996). We remanded the case only with respect to Stanford and his statement that Milsap reneged on paying him. Id. at 1271. On remand, the district court dismissed this claim pursuant to Fed.R.Civ.P 12(b)(6), finding that Milsap had not complied with the requirements of Wis.Stat. § 895.05(2) prior to commencing his action. Milsap now appeals.
 
 
 3
 The only issue before this court is whether Milsap sent a sufficient retraction demand letter to Stanford as required under Wis.Stat. § 895.05(2). Prior to the commencement of a civil action for libelous publication, § 895.05(2) requires that any person responsible for the allegedly libelous statement be given the opportunity to correct the statement through proper notice of the libel Hucko v. Schlitz Brewing Co., 100 Wis.2d 372, 302 N.W.2d 68, 70 (Wis.Ct.App.1981). As the Hucko court detailed, § 895.05(2) requires that such "notice must (1) be in writing; (2) be directed to those alleged to be responsible or liable; (3) specify the article and statements therein which are claimed to be false and defamatory; (4) contain a statement of what are claimed to be the true facts, and (5) be given before any civil action is commenced." Id. at 74. The district court found that the retraction demand letter sent by Milsap to Stanford failed to identify the offending statement (that Milsap reneged on paying Stanford), and that the letter contained no statement of what Milsap claimed to be the true facts. We review the district court's dismissal de novo, accepting all well-pleaded allegations in the complaint as true and drawing all reasonable inferences in Milsap's favor. Mallett v. Wisconsin Div. of Vocational Rehabilitation, 130 F.3d 1245, 1248 (7th Cir.1997).
 
 
 4
 On appeal, Milsap argues that his demand letter provided Stanford with sufficient notice of the allegedly defamatory statement, even though the letter did not identify the particular statement that we found to be actionable. According to Milsap, § 895.05(2) simply requires that the person alleged to be responsible for the publication have a reasonable opportunity to correct the libelous matter. Milsap claims that his letter provided that opportunity. He argues that a response letter sent by the Journal's legal department, which references the offending statement, demonstrates that Stanford had sufficient notice of the particular statement. Milsap, however, failed to raise the argument that the response letter evinces his compliance with § 895.05(2) to the district court, and thus waived this argument.[1] Hightshue v. AIG Life Ins. Co., No. 96-3646, 135 F.3d 1144, 1998 WL 40280, at * 5 (7th Cir. Feb.4, 1998). We will therefore consider only whether the district court erred in finding that Milsap's demand letter failed to comply with the requirements of § 895.05(2).
 
 
 5
 Both parties, as well as the district court, rely on the decision in Hucko to determine what constitutes a proper demand letter under § 895. 05(2). However, the Hucko court did not directly address the application of § 895.05(2) to the particular demand letter before it. 302 N.W.2d at 75. Rather, the court set forth the necessary elements of a demand letter, but did not apply these requirements strictly. Although the demand letter in Hucko did not identify the allegedly defamatory statements, the letter contained a detailed statement of what the plaintiff claimed were the true facts. In a footnote, the court observed that the alleged defamatory statements in the article became clear when the article, which was set forth in the demand letter, was compared with the statement of true facts directly responding to particular statements in the article. Id. at 75, n. 9. The court continued that "[w]hile for the purposes of this appeal we find this sufficient under sec. 895.05(2), we note that the statute requires that the false statements contained in each article are to be specified." Id.
 
 
 6
 Although Milsap's retraction demand letter identified the article and implied that it was misleading, he failed to specify that the statement that he "reneged on paying people" was false and defamatory. While Milsap argues that his demand letter identifies the particular statement "through the process of deduction," it is not sufficient under § 895.05(2) to assume that the person alleged to be responsible for a libelous statement will be able to deduce which statement is alleged to be false and defamatory. The purpose of § 895.05(2) is to provide the allegedly responsible person with notice of the specific statement and the opportunity to correct the statement with the version of the true facts set forth in the demand letter. Unlike the demand letter in Hucko, Milsap's letter contains no statement of what he claims to be the true facts. The letter mentions nothing about whether Stanford had been promised payment or whether any payment had been made. To the contrary, Milsap's demand letter only contains a general denial of purported financial irregularities. This general denial is not sufficient under § 895.05(2) to provide Stanford with sufficient information to correct the allegedly defamatory statement Milsap's failure to comply with § 895.05(2) requires the dismissal of his complaint. Zawistowski v. Kissinger, 160 Wis.2d 292, 466 N.W.2d 664, 669 (Wis.Ct.App.1991); Hucko, 302 N.W.2d at 73 ("[I]f the language of a statute ... deals with commencement of an action, then the failure to comply with its provisions before the suit is brought requires that the complaint be dismissed.") (quoting Rabe v. Outagamie County, 72 Wis.2d 492, 241 N.W.2d 428, 432 (Wis.1976)).
 
 
 7
 Milsap also appears to argue that Stanford's motion to dismiss was improper because Stanford failed to attach his response letter to the motion. This argument is without merit. Stanford not only had no obligation to include the response letter in his motion, but the response letter was attached as an exhibit to Milsap's complaint and was available to the district court for consideration in ruling on the motion to dismiss. See Siefken v. Village of Arlington Heights, 65 F.3d 664, 666 (7th Cir.1995); Hamilton v. O'Leary, 976 F.2d 341, 343 (7th Cir.1992).
 
 
 8
 We also reject Milsap's argument that Stanford should not have sought summary judgment initially but instead should have argued that Milsap failed to comply with the requirements of § 895.05(2). When Stanford initially sought summary judgment, Milsap had alleged several different claims against several defendants. After Milsap's claims were narrowed to only one allegedly defamatory statement, Stanford properly answered the complaint and raised Milsap's failure to comply with § 895.05(2) as an affirmative defense, in accordance with Fed.R.Civ.P. 12(h)(2).
 
 
 9
 Because Milsap failed to comply with the requirements of Wis.Stat. § 895.05(2), the district court did not err in dismissing his complaint. Accordingly, we AFFIRM the judgment of the district court.
 
 
 
 *
 This successive appeal has been assigned to the original panel under Operating Procedure 6(b). After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Even if we considered Milsap's assertions, the response letter does not demonstrate that Stanford had notice of the particular offending statement. Instead, the author of the response letter stated that "[a]fter reading [Milsap's demand] letter, I did not feel that I had a good grasp of exactly which words or phrases were generating your complaint." The author, therefore, addressed every statement in the article regarding Milsap. The author further invited Milsap to specify the statements and to submit evidence that the statements, in fact, were false and defamatory